ORTIZ v. STATE.    (No. 3405.)

(Court of Criminal Appeals of Texas.    Feb. 3, 1915.)

1. CRIMINAL LAW ☞1184—SENTENCE—INDETERMINATE SENTENCE LAW.

Where the trial court erroneously sentenced accused, convicted of murder, to a certain term, the judgment will be reformed on appeal to comply with the indeterminate sentence law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3199, 3200; Dec. Dig. ☞1184.]

2. CRIMINAL LAW ☞1086 — APPEAL — RECORD.

The overruling of a motion for continuance cannot be reviewed, where the record does not show that an exception was reserved.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2769, 2770, 2772, 2794; Dec. Dig. ☞1086.]

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

L. R. Ortiz was convicted of murder, and he appeals. Reformed and affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J.    Appellant was convicted of murder, and his punishment assessed at 15 years' confinement in the penitentiary.

[1] The court sentenced appellant to serve 15 years in the penitentiary, instead of applying to him the indeterminate sentence law. The judgment will be reformed, so as to read that appellant is sentenced to serve a term in the penitentiary of not less than 5 nor more than 15 years, and judgment will be so entered, and certified to the clerk of the trial court.

[2] No statement of facts nor any bills of exception accompany the record. There is a motion for continuance in the record; but when it was overruled, if an exception was reserved, the record does not disclose that fact, consequently it is not presented in a way we can pass on this matter.

The judgment is reformed and affirmed.